IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3033-FL

| | | |
|---|---|---|
| TOMMY OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL M. BULTER and CHIEF | ) | |
| DEPUTY SHERIFF WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion for a temporary restraining order (DE 1), motion for summary judgment (DE 9), and motion for a waiver of reply (DE 13). The issues raised are ripe for adjudication.

The court begins by conducting a frivolity review of plaintiff's February 19, 2015, complaint.[1] Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not

---

[1] On February 6, 2015, Magistrate Judge Robert B. Jones, Jr. entered an order of deficiency informing plaintiff, *inter alia*, that his complaint was not submitted on the proper forms prescribed by the court and provided plaintiff with the proper form to file his complaint. Plaintiff filed his complaint on the proper form on February 19, 2015. Accordingly, the court construes plaintiff's February 19, 2015, pleading as his sole complaint and the court will not construe any of plaintiff's other filings to be a part of his complaint.

exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff first alleges that defendants Cumberland County Sheriff Earl M. Butler and Cumberland County Chief Deputy Sheriff Wright confined him in the Cumberland County Detention Center from April 22, 2014, through June 6, 2014, despite the fact that his then pending criminal charges had been dismissed. Plaintiff is ALLOWED to proceed with this claim.

Plaintiff next alleges that his prison conditions violated the Fourteenth Amendment to the United States Constitution because he had to share a 13x7 cell with another pretrial detainee. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment,[2] a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was

---

[2]Plaintiff was a pretrial detainee at the time he filed this action. Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment to the United States Constitution. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause are coextensive with the substantive constitutional principles applied by the Eighth Amendment to convicted inmates. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997), abrogated on other grounds by, Wilkins v. Gaddy, 130 S.Ct. 1175 (2010); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992). Accordingly, plaintiff's Fourteenth Amendment Due Process claims will be analyzed under the Eighth Amendment.

objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that

"subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' "  See Strickler, 989

F.2d at 1379 (quotations omitted).

Mere allegations of overcrowding, such as those set forth in this action, are insufficient to

rise to a constitutional violation.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (finding that

housing two inmates in a cell designed for one does not, without more, violate the Eighth

Amendment); Switzer v. Thomas, No. 5:12cv56, 2013 WL 693090, at *5 (W.D. Va. Feb. 25, 2013)

("[Plaintiff's] being subject to overcrowding resulting in being forced, along with several other

inmates, from time to time to sleep on mats on the floor does not present an Eighth Amendment

claim based on dangerous jail overcrowding or long-standing sanitation problems.") (internal

quotations omitted), aff'd, 535 F. App'x 312 (4th Cir. 2013).  Thus, plaintiff fails to state a claim

arising out of the alleged overcrowding.

Plaintiff also alleges that he was denied access to the law library or books and that he was

denied access to courts.  The State is required to provide its inmates meaningful access to the courts.

Smith v. Bounds, 430 U.S. 817, 823 (1977). In order to state a claim for denial of access to the

courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to

pursue a legal claim.  See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston

County, 434 F.3d 725, 728 (4th Cir. 2006).  The United States Supreme Court held in Lewis that

inmates must be provided "a reasonably adequate opportunity to present claimed violations of

fundamental constitutional rights to the courts."  Lewis, 518 U.S. at 351 (quotation omitted).  The

right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil

rights actions challenging conditions of confinement.  Id. at 354-55.  The actual injury requirement

mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." <u>Id.</u> at 353. The Court did not extend the holding to include the right to "<u>litigate effectively</u> once in court." <u>Id.</u> at 354 (disclaiming language in <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977), suggesting otherwise). Plaintiff has not alleged any actual injury. Thus, this claim is DISMISSED without prejudice.

Finally, plaintiff requests that the court "(STOP) Returning mail or books without notifying the plaintiff . . . (STOP) Ban on all subscription newspapers." (Compl. (DE 5), p. 5.) "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Additionally, a § 1983 plaintiff must allege the personal involvement of a defendant. <u>See, e.g.</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-92 (1978). Here, plaintiff failed to provide sufficient factual support for any claims arising out of these allegations, and such allegations are DISMISSED without prejudice. <u>See</u> <u>Iqbal</u>, 556 U.S. at 681 (citation omitted); <u>see, e.g.</u>, <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required).

The court now turns to plaintiff's pending motions. Plaintiff filed a motion for a preliminary injunction and for a temporary restraining order. The court construes plaintiff's motions for injunctive relief as a requests for a temporary restraining order.[3] <u>See</u> <u>Watson v. Garman</u>, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served).

---

[3] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. <u>See</u> <u>Hoechst Diafoil v. Nan Ya Plastics Corp.</u>, 174 F.3d 411, 422 (4th Cir. 1999).

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

Plaintiff also filed a motion for summary judgment and a motion for waiver of reply.[4] At this point in the proceedings, defendants have not yet been served with a copy of the summons and complaint. Accordingly, plaintiff's motions are DENIED as premature.

In summary, plaintiff may proceed with his claim challenging his alleged unlawful detention for the period of April 22, 2014, through June 6, 2014. Plaintiff's remaining claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for a temporary restraining order (DE 1) is DENIED. Plaintiff's motion for summary judgment (DE 9) and motion

---

[4] Plaintiff's motion for waiver of reply is unclear. The court assumes that plaintiff requests that the court rule on his motion for summary judgment without consideration of any response from defendants.

5

for waiver of reply (DE 13) are DENIED are premature. The court DIRECTS the United States

Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 22nd day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge