IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3033-FL

| | |
|---|---|
| TOMMY OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EARL M. BULTER and CHIEF ) | |
| DEPUTY SHERIFF WRIGHT, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the parties' cross motions for summary judgment (DE 31, 35). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion for summary judgment and dismisses the action without prejudice for failure to exhaust administrative remedies. The court denies plaintiff's motion for summary judgment.

**STATEMENT OF THE CASE**

On February 5, 2015, plaintiff, a pretrial detainee at the Cumberland County Detention Center (the "detention center"), filed a pleading captioned "Order to Show Cause For An Preliminary Injunction And A Temporary Restraining Order." The next day, United States Magistrate Judge Robert B. Jones entered an order notifying plaintiff that his pleading did not comply with the court's local rules of practice and procedure because the pleading was not on the form prescribed for use by the court, the number of copies furnished was insufficient, and there was no address provided for defendant. The magistrate judge also informed plaintiff that he failed to pay the $400.00 filing fee or to fill out an application to proceed without prepayment of the filing fee.

Plaintiff filed a hand-written complaint on February 11, 2015, and a complaint on the proper form on February 19, 2015, naming Cumberland County Sheriff Earl R. Butler ("Butler") and Cumberland County Chief Deputy Sheriff Wright ("Wright") as defendants. Plaintiff, additionally, corrected the remaining deficiencies noted by the magistrate judge. Plaintiff then filed a motion for summary judgment and a motion for waiver of reply.

On April 22, 2015, the court conducted a frivolity review of plaintiff's action and construed plaintiff's February 19, 2015, complaint as his sole complaint and allowed plaintiff to proceed with his claim that he was unlawfully detained at the detention center for the time period of April 22, 2014, through June 6, 2014. The court dismissed without prejudice plaintiff's overcrowding, access to courts, and mail-related claims. The court also denied plaintiff's motion for a preliminary injunction or for a temporary restraining order and denied as premature plaintiff's motion for summary judgment and motion for waiver of reply. Plaintiff thereafter filed a motion to appoint counsel, which the court denied.

On June 9, 2015, the court entered a case management order setting forth deadlines for amendment of the complaint, completion of discovery, and the filing of dispositive motions. On July 27, 2015, plaintiff filed a motion to compel and a motion to amend. Plaintiff next filed a motion for summary judgment and a second motion to amend his complaint. The motions were fully briefed. Defendants Butler and Wright filed a cross-motion for summary judgment, to which they attached affidavits from Butler, Wright, Cumberland County Chief Public Defender Bernard Condlin ("Condlin"), former Cumberland County Assistant District Attorney Andrew R. Dempster, Jr. ("Dempster"), Cumberland County Sheriff's Office Lieutenant Andrew Melvin ("Melvin"), plaintiff's criminal defense attorney Michael J. Onufer ("Onufer"), Cumberland County Assistant

2

District Attorney Baxter W. Paschal ("Paschal"), Cumberland County Sheriff's Office Captain Peggy Spencer ("Spencer"), Cumberland County Sheriff's Office Major Larry Trotter ("Trotter"), and Cumberland County Clerk of Superior Court Kimbrell Tucker ("Tucker"). Plaintiff responded to defendants' motion for summary judgment and attached the following: plaintiff's affidavit; plaintiff's declaration; a notice of pending criminal charges; copies of the affidavits submitted by Dempster, Melvin, Condlin, Onufer, and Tucker; defendants' initial disclosures pursuant to Federal Rule of Civil Procedure 26(A)(1); letters from plaintiff to the Cumberland County Clerk of Superior Court, dated January 24, 2012, April 1, 2012, April 19, 2012, April 30, 2012, July 30, 2012; a *pro se* motion to dismiss filed in case number 11-CR-1543; an excerpt from defendants' motion for summary judgment; the detention center's log notes for plaintiff; a May 4, 2014, *pro se* motion to "fastrack" filed in case number 11CR15436123; and a detainer containing notice of rights.

On September 24, 2015, plaintiff filed a notice of intent to take depositions by written questions. Plaintiff then filed a second motion to compel discovery. On October 7, 2015, the court entered an order denying without prejudice plaintiff's motions to amend his complaint and his motions to compel. The court also ruled that to the extent plaintiff sought sanctions in connection with his motions to compel, plaintiff's motion was denied.

On October 13, 2015, defendants Butler and Wright filed a motion to quash with respect to plaintiff's request for a deposition upon written questions and a motion for a protective order with respect to the same request. Plaintiff did not respond to defendants' motion. On November 25, 2015, plaintiff filed a motion to expedite the placement of this action on the court's trial calendar. On January 28, 2016, the court entered an order granting defendants' motion to quash and for a protective order. The court also denied plaintiff's motion to expedite.

3

**STATEMENT OF UNDISPUTED FACTS**

The undisputed facts are as follows. On April 27, 2013, plaintiff was arrested in Robeson County, North Carolina and served with an arrest warrant, issued by Cumberland County, for the charge of possession of a stolen motor vehicle (11CRS064929). (Trotter Aff. ¶ 21.) Plaintiff then was transported to the detention center. (Id. ¶ 21.) The next day, plaintiff was served with an additional order for arrest for the misdemeanor of larceny (11CRS001543). (Id. ¶ 22.) In addition, while in custody at the detention center, plaintiff was served with the following orders for arrest: (1) warrant 11CR014516 on July 10, 2013; (2) warrant 12 CRS 56968 on July 11, 2013; (3) warrant 12 CRS 56969 on July 11, 2013; and (4) warrant 12 CRS 056102 on July 11, 2013. (Id.) On October 15, 2013, plaintiff appeared in court and resolved all of his pending state criminal charges with the exception of his charges pending in 11CRS001543 and 11CR014516. (Id. ¶¶ 23, 24.)

On May 27, 2014, plaintiff's defense attorney, Onufer, and district attorney Dempster agreed to and executed, outside of the court prior to plaintiff's scheduled court appearance, the dismissal of plaintiff's pending charges in case numbers 11CR001543 and 11CR014516. (Dempster Aff. ¶ 10.) Dempster did not execute a separate dismissal document, but made a notation regarding the dismissal on the original charging documents. (Id.)

Generally, the sheriff's office relies upon the district attorney or a defendant's counsel to provide written notice of any out of court dismissal affecting a defendant being held in custody because the clerk of court's office does not provide written notice of dismissals to the sheriff's office

4

or automatic electronic notice of updates to the Automated Criminal Infraction System ("ACIS").[1] (Butler Aff. ¶¶ 17, 18, 21; Tucker Aff. ¶¶ 8, 12.) Dempster attested in his affidavit that he "reasonably anticipated that defense attorney would obtain a 'true copy' of the dismissal to provide to the Sheriff's Office" in plaintiff's action. (Dempster ¶ 12.) Plaintiff's attorney, however, attested in his affidavit that he did not receive any paperwork indicating that plaintiff's charges had been dismissed. (Onufer Aff. ¶ 9.) In light of this misunderstanding, the detention center was not immediately notified of the dismissal of plaintiff's charges. (Condlin Aff. ¶ 6; Butler Aff, ¶ 21; Tucker Aff. ¶ 12.)

On June 4, 2014, Cumberland County Detention Center Data Precessing Clerk Charity Lemons checked the ACIS for case 11CR001543 and discovered that it had been dismissed voluntarily on May 27, 2014. (Trotter Aff. ¶ 28.) Detention center staff then reviewed plaintiff's file to ensure he was eligible for release. (Id.) In the process of reviewing plaintiff's file, detention center staff found that a Robeson County arrest warrant, issued in case number 13CR001568, remained unserved. (Id.) Staff then immediately took plaintiff to the magistrate and served him with the warrant in 13CR001568. (Id. ¶ 29.) Plaintiff was released from custody at 11:30 p.m. on June 4, 2014. (Id. ¶ 29; Pl.'s Resp. Attach. p. 21.)

On June 16, 2014, plaintiff was arrested for violating the terms and conditions of his parole. (Spencer Aff. ¶ 16.) Two days later, plaintiff was arrested for failing to register as a sex offender and was charged as a habitual felon. (Id.) Plaintiff currently is incarcerated in the detention center awaiting trial on the pending charges. (Id.)

---

[1] In both 2012 and 2014, the sheriff's office sought to obtain a technological connection between the ACIS database and the detention center's electronic jail management system. (Butler Aff. ¶ 23.) The North Carolina Office of the Courts, which maintains ACIS, reported that such a database connection is not technologically possible. (Id.)

5

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

1.  Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407

F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

As a defense to defendants' motion, plaintiff states that he filed a grievance regarding his over-detention on February 7, 2015, which was after he filed the instant complaint on February 5, 2015. ((DE 4), p. 2.) An inmate or detainee is required to exhaust his administrative remedies prior to filing suit. See 42 U.S.C. § 1997e(a). It is not sufficient for plaintiff to exhaust his administrative remedies while the action is pending. Hayes v. Stanley, 204 F. App'x 304, 304, n. 1 (4th Cir. Oct. 31, 2006) (finding that an inmate does not comply with the Prison Litigation Reform Act's exhaustion requirement by exhausting his remedies during the course of litigation); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendent lite* undermines the objectives of section 1997e(a)."). Thus, plaintiff's February 7, 2015, grievance does not satisfy 42 U.S.C. § 1997e(a)'s exhaustion requirement.

Plaintiff, additionally, makes the following statements with respect to his grievance history in this cases:

> Affidavit and sworn statement by [plaintiff] filed grievance June 1, 2014 against c/o Armstrong constantly ignored buzzer intercom from my room the issue about my release. I became frustrated to get c/o Armstrong attention. I started banging and kicking the cell door resulted in me being placed on 72 hours lockback lost all privileges (Evidence Kiosk System). Affidavit and sworn statement by [plaintiff], June 3, 2014 filed second part of grievance against c/o Armstrong. (Evidence Kiosk System).

(Pl.'s Resp. pp. 2-3.) (no alterations made to the original).

Plaintiff does not state whether the alleged June grievances were accepted or rejected by prison officials. If accepted, plaintiff does not state that he appealed any grievance decision in connection with the June 1 or 3, 2014, grievance. If rejected, plaintiff does not allege that any prison official interfered with or otherwise prevented him from exhausting his administrative remedies for his June 1 or 3, 2014, grievances. Plaintiff's fragmented and conclusory allegations regarding his June grievances are insufficient to refute defendants' arguments in support of their exhaustion defense. Cf. Hill v. Haynes, 380 F. App'x 268, 273-274 (4th Cir. 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability to exhaust).

Based upon the foregoing, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing this action, and the action is DISMISSED without prejudice.

2. Due Process Claim

Alternatively, the court addresses the merits of plaintiff's claim. Defendants assert the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Plaintiff alleges that defendants Butler and Wright violated his constitutional rights by continuing to detain him for the time period of April 22, 2014, through June 6, 2014, despite the fact

8

that his criminal charges in case numbers 11CR001543 and 11CR014516 had been dismissed. "[T]he Due Process Clause of the Fourteenth Amendment guarantees to individuals the right to be free from excessive continued detention after a jail or prison ceases to have a legal right to detain the individual." Powell v. Sheriff, Fulton Cnty. Georgia, 511 F. App'x 957, 960 (11th Cir.) (citations omitted), cert. denied sub nom. Matkin v. Barett, 134 S. Ct. 513 (2013); see Golson v. Dep't of Corr., No. 90-7344, 90-7345, 1990 WL 141470, at *1 (4th Cir. 1990) (per curiam); Coker v. Bodiford, No. CIV.A. 4:10-00249, 2010 WL 4392567, at *2 (D.S.C. Oct. 29, 2010) ("When a prisoner continues to be incarcerated after the termination of his sentence, he is potentially deprived of his rights under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment.") (citation omitted). It is not enough, however, for a plaintiff to contend that he should have been released: he must plausibly allege facts showing that a named defendant "acted with deliberate indifference[]" to his improper detention. Powell, 511 F. App'x at 961 (quotation omitted). Specifically, he must establish that a jail official actually knew of and disregarded a serious risk that he was being improperly detained. See id.

Plaintiff contends that he was improperly detained for the time period of April 22, 2014, through June 6, 2014. The record, however, reflects that plaintiff was arrested on April 27, 2013, and that his criminal charges were dismissed on May 27, 2014. (Trotter Aff. ¶ 21; Onufer Aff. ¶ 8.) Plaintiff has presented no evidence to suggest that his detention during this time period was improper. Plaintiff also has failed to refute that he was released from the detention center on June 4, 2014. (Pl.'s Resp. Attach. p. 21.) Thus, plaintiff's overdetention claim is limited to the time period of May 27, 2014, through June 4, 2014.

9

As for plaintiff's detention for the time period of May 27, 2014, through June 4, 2014, the record reflects that there was a miscommunication, and that neither the district attorney nor plaintiff's criminal defense attorney notified the sheriff's office that plaintiff's charges were dismissed on May 27, 2014. (Butler Aff. ¶¶ 17, 18, 21; Dempster Aff. ¶ 12; Onufer Aff. ¶ 9; Condlin Aff. ¶ 6.) There is no evidence that either defendant Butler or defendant Wright was aware that plaintiff should have been released on May 27, 2014. Further, there is no evidence that either defendant prevented plaintiff's release. Rather, once detention center staff discovered that plaintiff's charges were dismissed, he was released the same day. (Trotter Aff. ¶ 28.) The record additionally reflects that the sheriff's office had made attempts in the past to obtain a technological connection between the ACIS database and the detention center's electronic jail management system in order to receive automatic updates of out of court dismissals, but was informed that such a connection is not technologically possible. (Butler Aff. ¶ 23.)

Based upon the foregoing, plaintiff failed to establish a constitutional violation because he has not established that either defendant acted with deliberate indifference. See, e.g, West v. Tillman, 496 F.3d 1321, 1333 (11th Cir. 2007) (rejecting claims of deliberate indifference to overdetention where delays were caused by issues outside the defendants' control and the defendants "undertook to address" the issues). Because plaintiff failed to establish a constitutional violation, defendants are entitled to qualified immunity. Thus, defendants' motion for summary judgment is GRANTED, and plaintiff's motion for summary judgment is DENIED.

## CONCLUSION

Based upon the foregoing, defendants' motion for summary judgment (DE 35) is GRANTED, and the action is DISMISSED without prejudice for failure to exhaust administrative

remedies.  Plaintiff's motion for summary judgment (DE 31) is DENIED.  The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 9th day of February, 2016.

LOUISE W. FLANAGAN
United States District Judge